**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JOSSEAN CRISPIN,
Petitioner,

v. Case No. 3:25-cv-844 (OAW)

ANGEL QUIROS,
Respondent.

**ORDER OF DISMISSAL**

Petitioner Jossean Crispin, while a sentenced prisoner within a state facility, filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging his state conviction for a probation violation. Respondent moves to dismiss the petition, arguing that Petitioner did not exhaust his state court remedies before filing this action. For the reasons that follow, this case is **DISMISSED**.

## I. BACKGROUND

On January 30, 2019, Petitioner pleaded guilty to Attempt to Commit Assault in the Second Degree (a felony, stemming from an arrest on January 30, 2018), entered a written plea of nolo contendere to Risk of Injury to a Child (another felony, stemming from an arrest on February 9, 2018), and admitted to a Violation of Probation in each of two separate cases. *See* Case Look-Up, Connecticut Judicial Branch, available at: https://www.jud.ct.gov/jud2.htm, Docket Nos. U04W-CR18-0290984-T, U04W-CR18-449752-T,

U04W-CR16-64658-O, and U04W-CR16-440995-O.[1] *See also* ECF No. 19 Appendix A at 6–8. That same date, January 30, 2019, he was sentenced to a total effective sentence of ten years in prison suspended after the service of three years, followed by five years of probation, and each probation was revoked and terminated. *Id.* at 19.[2] Then on November 16, 2023, Petitioner admitted to a violation of the Risk of Injury probation in the case ending in -752-T, *see* ECF No. 19 Appendix B at 3, by way of an incident which occurred on February 5, 2022, while Petitioner was inpatient at Whiting Forensic Hospital.[3] *Id.* at 4. And then on December 5, 2023, the probation at -752-T was revoked and Petitioner was sentenced to three years in prison. *See* ECF No. 19 Appendix C at 6. Petitioner did not appeal the judgment in any of the aforementioned cases. However, on July 19, 2024, he initiated a habeas proceeding in state court challenging the judgment in the case ending in -752-T. *See Crispin v. Comm'r of Corr.*, No. TSR-cv24-5001834-S (Conn. Super. Ct. filed July 19, 2024); *see also* ECF No. 19 Appendix E. That state

---

[1] The court may take judicial notice of such websites. *See*, *e.g.*, *Taveras v. Semple*, No. 3:15-cv-00531 (SALM), 2023 WL 112848, at *1 n.1 (D. Conn. Jan. 5, 2023) (taking judicial notice of Connecticut DOC inmate locator).

[2] The Department of Correction ("DOC") website shows that Petitioner has been serving a violation of probation sentence since December 5, 2023, and that his expected release date is September 30, 2026. *See* DOC, *Inmate Information*, https://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=339978 (last visited Aug. 25, 2026).

[3] Petitioner does not include much information about the incident in his lengthy petition or in the attached documents, beyond stating that hospital employees "created . . . false charges." ECF No. 1 at 69. However, Petitioner filed an "objection," to Respondent's motion to dismiss, asserting that the hospital employees "fabricate[d] a false Police Report . . . [to] conceal" an alleged attack on Petitioner. ECF No. 20 at 3. While the government supplied a transcript of that Violation of Probation proceeding which provides conflicting information regarding Petitioner's admitted violations, *see* ECF No. 19 Appendix A, the court will rely on Petitioner's version of the alleged facts while considering the instant motion to dismiss.

habeas trial is scheduled to commence on September 15, 2026. *See* Case Look-Up, Connecticut Judicial Branch, available at: https://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV245001834S (last visited Aug. 26, 2026). Petitioner also previously filed a state habeas petition on July 20, 2021, related to the Risk of Injury conviction in -752-T, *see Crispin v. Comm'r of Corr.*, No. TSR-cv21-5001042-S (Conn. Super. Ct. filed July 20, 2021); *see also* ECF No. 19 Appendix D, but he withdrew this action on August 17, 2026, *see* Case Look-Up, Connecticut Judicial Branch, available at: https://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV215001042S (last visited Aug. 26, 2026).

## II. LEGAL STANDARD

As an initial matter, the court finds that Petitioner seeks to challenge the imposition of a state sentence. ECF No. 1 at 9–10, 14–19, 21–26, 36–37 (alleging conflicts of interest, wrongful prosecution, and ineffective assistance of counsel). Such a petition is properly brought under 28 U.S.C. § 2254, which specifically applies to "application[s] for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Importantly, "[i]t is the substance of the petition, rather than its form, that governs." *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003) (quoting *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002)) (citation modified). "[I]f an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must

treat it as a section 2254 application instead." *Id.* (citing *James*, 308 F.3d at 166); *see also Llewellyn v. Wolcott*, No. 20-cv-498, 2020 WL 2525770, at *4 (W.D.N.Y. May 18, 2020) ("The Court is not bound by [the petitioner's] choice to frame his petition under Section 2241 and, after considering the substance of his allegations, must convert the petition to one filed pursuant to Section 2254."); *Rosa v. Comm'r of Corr.*, No. 3:22-cv-1260 (SVN), 2023 WL 4491652, at *4 (D. Conn. July 12, 2023) (converting § 2241 habeas petition into § 2254 habeas petition). Accordingly, the court will construe the petition under § 2254.

## III. <u>DISCUSSION</u>

Petitioner alleges (1) that he had ineffective assistance of counsel in his state habeas proceedings (Attorney Goddard) and in his probation violation hearing (Attorney Kaloidis); (2) that the prosecution suppressed exculpatory evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), as twelve videos were destroyed; (3) that the court-appointed attorneys who represented him had a conflict of interest because they were being paid by the state; and (4) that the state habeas court refused to accept his pro se motions because he had counsel. ECF No. 1 at 9–10, 14–19, 21–26, 36–37. Petitioner attached over one hundred pages of documents to his petition, which broadly alleges that the defendants engaged in a wide-ranging conspiracy to deprive him of his constitutional rights. *Id.* at 41–123, 136–190, 194–213.

Petitioner has also filed two motions in the court, primarily concerning his request for default judgment. ECF Nos. 15, 18. Respondent moves to dismiss the petition,

arguing that Petitioner has not exhausted his state court remedies and that default judgment is inappropriate. The court first addresses the arguments in Respondent's motion to dismiss and then turns to Petitioner's motions.

**A. <u>Failure to Exhaust</u>**

Respondent argues that Petitioner failed to exhaust his state remedies. Petitioner asserts in his petition that he did not exhaust any of these claims because his attorney refused to make certain filings due to a wide-ranging conspiracy between his attorney and the Connecticut state court system. ECF No. 1. He does not otherwise explain why he did not exhaust his state remedies.

Before filing a petition for writ of habeas corpus in federal court, Petitioner must properly exhaust his state court remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1). Petitioner must present the essential factual and legal bases for his federal claims to each appropriate state court, including to the highest state court capable of reviewing it, so as to afford the state court system a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted). Section 2254's exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson,* 501 U.S. 722, 731 (1991). Failure to exhaust state remedies may be excused only if "there is no opportunity to obtain redress in state court or if the corrective process is so clearly

deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam); 28 U.S.C. § 2254(b)(1)(B).

To properly exhaust his claim, the petitioner must present the factual and legal bases of the claim to the state courts. *See Daye v. Att'y Gen. of State of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) ("Specifically, [the petitioner] must have set forth in state court all of the essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim.") (citations omitted); *see also Caballero v. Keane*, 42 F.3d 738, 740–41 (2d Cir. 1994) ("[T]o reach the merits of [an ineffective representation claim], all of [the] allegations must have been presented to the state courts, allowing them the opportunity to consider *all* the circumstances and cumulative effect of the claims as a whole.") (citation modified). Thus, for a claim that trial counsel was ineffective, the petitioner must have presented to the state's highest court each example of ineffective assistance that he asserts in the federal habeas petition. *See Caballero*, 42 F.3d at 740.

"A failure to exhaust may be excused if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Robles v. Faneuff*, No. 16-cv-1208 (JAM), 2016 WL 7441065, at *2 (D. Conn. 2016) (citation modified) (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)). However, "claims regarding an attorney's failure to include certain grounds for relief," or refusal to "pursue" certain claims, should be "raised in state courts," and is not a proper basis on which to excuse a petitioner's failure to exhaust. *Crocker v. Comm'r of Corr.*, No. 23-cv-1085 (JAM), 2024 WL 2000703, at *2 (D. Conn. Apr. 24, 2024).

Petitioner has initiated a state habeas corpus action, but that matter is pending and a trial is scheduled for September 15, 2026. After which, if denied, Petitioner must seek state appellate review. Petitioner asserts that he did not exhaust his claims because his attorney refused to pursue certain actions, due to a wide-spread conspiracy, ECF No. 1, but that is not a basis on which to excuse Petitioner's failure to exhaust, *Crocker*, 2024 WL 2000703, at *2; *see also United States ex rel. Fuller v. Warden, Bronx House of Det. for Men*, 390 F. Supp. 440, 441 (S.D.N.Y. 1974) (dismissing habeas petition and finding Petitioner's claims that he was prevented from exhausting his remedies due to "the collusive behavior of several Assistant Attorneys General" unpersuasive, as he alleged "no facts which would support this claim"). Accordingly, Petitioner's claims must be dismissed for failure to exhaust state court remedies.

**B. Petitioner's Motion for Default Entry**

Petitioner filed a motion for default entry,[4] ECF No. 15, because there had not yet been a response to the petition at ECF No. 1, despite the court's show cause order at ECF No. 13. The court took the motion under advisement, instructing Respondent to show cause on or before September 10, 2026, why the petition should not be granted. ECF No. 16 (June 29, 2026). Respondent appeared on July 1, 2026, at ECF No. 17, and filed a motion to dismiss on July 13, ECF No. 19, long before the September 10 deadline. Accordingly, Petitioner's motion is denied. Even if default previously had entered, the court now would have found good cause to set it aside. *See* Fed. R. Civ. P. 55(c).

---

[4] Before that, Petitioner had filed a motion for default *judgment* at ECF No. 14, but the court denied that motion at ECF No. 16, noting (with citation to precedent) that *entry* of default must precede such judgment.

### C. Petitioner's Motion to Alter Judgment

In a motion dated July 1, 2026 (the date Respondent appeared), Petitioner moves to "Alter or Amend" this court's order at ECF No. 16, asking the court to reset its September 10 show-cause deadline to either July 14 or August 10, and for the Clerk to enter default, noting that Petitioner was set to discharge from prison in September 2026. ECF No. 18. As noted above, Respondent filed its motion to dismiss on July 13 (earlier than both alternative deadlines proposed by Petitioner). For the same reasons already provided by the court, Petitioner's motion is denied. *See* Fed. R. Civ. P. 55(c).

## IV. ORDERS

Accordingly, the motion to dismiss **(ECF No. 19)** is **GRANTED,** the petition for writ of habeas corpus **(ECF No. 1)** is **DISMISSED** for failure to exhaust state court remedies, and Petitioner's motions **(ECF Nos. 15 and 18)** are **DENIED.**

The court concludes that jurists of reason would not find it debatable that the petitioner failed to exhaust his state court remedies on all grounds asserted in this petition. Thus, a certificate of appealability will not issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when a district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's decision).

The Clerk of Court is directed to please close this case.

**IT IS SO ORDERED** at Hartford, Connecticut, this 26th day of August, 2026.

/s/
Omar A. Williams
United States District Judge